***********
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before the Deputy Commissioner and the briefs before the Full Commission. The appealing party has shown good grounds to receive further evidence and upon reconsideration of all the evidence, the Full Commission modifies in part and affirms in part the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement, and at and subsequent to the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between Jason L. Brown, deceased-employee, and defendant-employer on September 9, 2005.
3. Defendant-employer was insured by Builders Mutual Insurance Company on September 9, 2005.
4. Jason L. Brown, deceased-employee, suffered a compensable injury by accident on September 9, 2005, which resulted in his death.
5. The parties stipulated into evidence Industrial Commission forms as Stipulated Exhibit No. 1.
6. The parties stipulated into evidence the Birth Certificate of deceased-employee as Stipulated Exhibit 2.
7. The parties stipulated into evidence the death certificate of deceased-employee as Stipulated Exhibit No. 3.
8. The parties stipulated into evidence the Birth Certificate of Hannah Leigh Brown as Stipulated Exhibit No. 4.
9. The parties stipulated into evidence the Birth Certificate of Rebekah Grace Brown as Stipulated Exhibit No. 5.
10. The parties stipulated into evidence the Marriage Certificate of deceased-employee and Kathy Ann Fraley as Stipulated Exhibit No. 6.
11. The parties stipulated into evidence a funeral bill as Stipulated Exhibit No. 7.
12. The parties stipulated into evidence wage records as Stipulated Exhibit No. 8.
13. Subsequent to the hearing before the Deputy Commissioner, the parties stipulated the average weekly wage of the deceased employee to be $572.32, yielding a compensation rate of $381.57.
Based upon all the competent evidence of record, the Full Commission makes the following:
 *********** FINDINGS OF FACT
1. At the time of his death, deceased-employee was a 45-year-old male who worked as an owner/operator for defendant-employer.
2. On September 9, 2005, deceased-employee, was involved in a compensable injury by accident that resulted in his death.
3. Deceased-employee and Kathy Ann Fraley were married on March 6, 1983.
4. Deceased-employee and Kathy Fraley Brown remained married, continuously, from the date of marriage through the date of deceased-employee's death on September 9, 2005.
5. There were two children born of the marriage between deceased-employee and Kathy Fraley Brown. Rebekah Grace Brown was born on July 21, 1991. Hannah Leigh Brown was born on October 15, 1993.
6. Other than Rebekah Grace Brown and Hannah Leigh Brown, deceased-employee and Kathy Fraley Brown did not have any other biological children, did not take steps to legally adopt any children, and did not acknowledge any children as their own.
7. Other than to his wife and his two biological children, deceased-employee did not provide any type of support, either partial or whole, of any kind, to anyone at the time of his death.
8. The Full Commission finds that Kathy Fraley Brown is a "widow" under the North Carolina Workers' Compensation Act.
9. The Full Commission finds that Rebekah Grace Brown and Hannah Leigh Brown are "children" under the North Carolina Workers' Compensation Act.
10. Deceased-employee's funeral bill totaled $3,523.35.
11. With reference to the stipulation of the parties filed with the Industrial Commission on November 21, 2006, the Full Commission finds the average weekly wage of deceased-employee to be $572.32, yielding a compensation rate of $381.57.
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 *********** CONCLUSIONS OF LAW
1. Deceased-employee, Jason L. Brown, suffered a compensable injury by accident on September 9, 2005, which resulted in his death. N.C. Gen. Stat. § 97-2(6).
2. Kathy Fraley Brown is a "widow" under the North Carolina Workers' Compensation Act, and is therefore conclusively presumed to have been dependent upon deceased-employee at the time of his death. N.C. Gen. Stat. §§ 97-2(14) and 97-39.
3. Rebekah Grace Brown and Hannah Leigh Brown are "children" under the North Carolina Workers' Compensation Act and are therefore conclusively presumed to have been dependent upon deceased-employee at the time of his death. N.C. Gen. Stat. §§ 97-2(12) and 97-39.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Subject to a reasonable attorney's fee hereinafter approved, defendants shall pay Kathy Fraley Brown death benefits of $127.19 per week for a period of 400 weeks from September 9, 2005. Such benefits that have accrued as of the date of the filing of this Opinion and Award shall be paid in a lump sum, subject to the attorney's fees hereinafter approved.
2. Subject to a reasonable attorney's fee hereinafter approved, defendants shall pay Kathy Fraley Brown, as the parent and natural guardian of Rebekah Grace Brown, minor, for the use, benefit and maintenance of Rebekah Grace Brown, death benefits at the rate of $127.19 per week beginning September 9, 2005 for a period of 400 weeks or until Rebekah Brown reaches the age of eighteen, whichever occurs last.
3. Subject to a reasonable attorney's fee hereinafter approved, defendants shall pay Kathy Fraley Brown, as the parent and natural guardian of Hannah Leigh Brown, minor, for the use, benefit and maintenance of Hannah Leigh Brown, death benefits at the rate of $127.19 per week beginning September 9, 2005 for a period of 400 weeks or until Hannah Brown reaches the age of eighteen, whichever occurs last.
4. Defendants shall pay funeral expenses in the amount of $3,500.00. N.C. Gen. Stat. § 97-38.
5. An attorney's fee of 25% of the compensation awarded under Paragraphs 1, 2 and 3 of this Award is approved for plaintiffs' counsel. The amount that has accrued shall be deducted and paid directly to plaintiff's attorney. Thereafter, plaintiffs' attorney shall receive every fourth compensation check due plaintiffs under this Award.
6. Defendants shall pay the costs of this action.
This the ___ day of January 2007.
 S/___________________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ BUCK LATTIMORE CHAIRMAN